# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| ROBERT CRAVENS, | ) | |
| Movant, | ) ) ) | |
| v. | ) ) | No. 16-CV-3040-S-DGK (Crim. No. 10-CR-3037-S-DGK) |
| UNITED STATES OF AMERICA, | ) ) | |
| Respondent. | ) | |

## ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

Movant Robert Cravens ("Cravens") pled guilty to possessing a firearm as a felon. Now before the Court is his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Doc. 1). He argues that in light of a recent Supreme Court case, his sentence should not have been enhanced under the Armed Career Criminal Act ("ACCA") and should now be vacated.

As explained below, recent ACCA jurisprudence affords Cravens no relief. The Court DENIES the motion and DENIES a certificate of appealability.

### Background

Cravens pled guilty to two counts of being a felon in possession of a firearm. *See* 18 U.S.C. §§ 922(g), 924(a)(2). While that crime usually carries a maximum prison sentence of ten years, a defendant faces an enhanced sentence—fifteen years to life imprisonment—if he has three previous convictions that qualify under the ACCA. *Id.* § 924(e)(1).

At Cravens's sentencing, the Court considered four prior felony convictions that he had accumulated, for: (1) Illinois burglary; (2) Missouri second-degree assault on a law enforcement officer; (3) Missouri second-degree burglary; and (4) Missouri second-degree domestic assault.

Relevant to this motion is Cravens's Illinois burglary conviction, which was charged in an information filed in the Circuit Court of Rock Island County, Illinois. The information alleged that on April 28, 1998, he "committed the offense of **BURGLARY** in that [he], while acting with another for whose conduct he is accountable, knowingly and without authority entered a building of William Millington d/b/a M & M Laundry 4215 -23rd Avenue, Moline, Rock Island County, Illinois with the intent to commit a theft therein" (Doc. 1-1).

At sentencing, the Court found that each of Cravens's four previous convictions fell under the ACCA, although it did not identify which specific provisions of the ACCA applied. Finding him to be an armed career criminal, the Court sentenced him to concurrent terms of imprisonment for 120 months on Count I and 216 months on Count II. Cravens unsuccessfully appealed. *United States v. Cravens*, 415 F. App'x 746 (8th Cir. 2011).

## Discussion

Cravens concedes that his two Missouri assault convictions qualify under the ACCA, but argues that his Illinois and Missouri burglary convictions no longer do because the applicable part of the ACCA was invalidated after his sentencing. The Court assumes for present purposes that his Missouri burglary conviction indeed falls outside the ACCA, and focuses solely on his Illinois burglary conviction. Without the Illinois burglary conviction as a third ACCA predicate, then, Cravens was improperly sentenced and merits relief. *See* 28 U.S.C. § 2255(a), (b). Respondent ("the Government") argues that despite recent changes in the law, Cravens still warrants the armed career criminal enhancement because his burglary conviction falls under a different part of the ACCA.

A district court may vacate, set aside, or correct a federal sentence if "the sentence was in excess of the maximum authorized by law." *Id.* § 2255(a). In an ACCA case like this, the

movant carries the burden of showing that the Government did not prove by a preponderance of the evidence that his conviction fell under the ACCA. *See Day v. United States*, 428 F.2d 1193, 1195 (8th Cir. 1970) ("The petitioner bears the burden of proof upon each ground presented for relief in a Section 2255 proceeding."); *United States v. Thornton*, 766 F.3d 875, 878 (8th Cir. 2014) (requiring the Government to prove at sentencing, by a preponderance of the evidence, that the defendant pled guilty to a qualifying ACCA offense).

The ACCA enhances the statutory range of punishment for recidivating defendants who have collected three prior convictions for certain drug crimes or "violent felon[ies]." 18 U.S.C. § 924(e)(1). One type of "violent felony" was defined in the "residual clause," under which Cravens's conviction likely fell, giving the Court no need to explicitly state which type of "violent felony" applied here. *See United States v. Cantrell*, 530 F.3d 684, 695–96 (8th Cir. 2008) (holding that Missouri's second-degree burglary offense, which is substantively similar to Illinois's, was categorically a "crime of violence"). However, last Term the Supreme Court of the United States invalidated the residual clause as unconstitutional. *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015). Because *Johnson* applies retroactively to Cravens's case,[1] the issue is whether his burglary conviction could be classified as any other type of violent felony.

The only other plausible violent felony is "burglary," which the ACCA casts as a predicate in the so-called enumerated offenses clause. 18 U.S.C. § 924(e)(2)(B)(ii). To determine whether Cravens's conviction constitutes ACCA "burglary," a court employs a "categorical approach" and "compare[s] the elements of the statute forming the basis of the defendant's conviction with the elements of the 'generic' crime—*i.e.*, the offense as commonly understood." *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013). "The prior conviction

---

[1] Relatedly, Cravens's motion is timely because he filed it within a year of *Johnson* and because the Supreme Court has recognized *Johnson*'s retroactivity on collateral review. *See* 28 U.S.C. § 2255(f)(3); *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016).

3

qualifies as an ACCA predicate only if the [convicting] statute's elements are the same as, or narrower than, those of the generic offense." *Id.* The key "is elements, not facts." *Id.* at 2284.

Under Illinois's burglary statute—Cravens's statute of conviction—"[a] person commits burglary when without authority he knowingly enters or without authority remains within a building, housetrailer, watercraft, aircraft, motor vehicle as defined in The Illinois Vehicle Code, railroad car, or any part thereof, with intent to commit therein a felony or theft." 720 Ill. Comp. Stat. 5/19-1(a) (1998). The "generic" crime of burglary has the following elements: "unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Taylor v. United States*, 495 U.S. 575, 599 (1990). Because some parts of the Illinois statute are broader than generic burglary—for example, the parts pertaining to motor vehicles—the statute fails under the categorical approach.

However, if the statute presents alternative sets of elements, one of which matches the generic crime and some of which do not, the Court may modify the categorical approach and assess just the qualifying set of elements. *Descamps*, 133 S. Ct. at 2281. The issue then is whether a person can be convicted of generic burglary if he has been convicted of burglarizing a "building" as used in the statute.

Cravens argues that Illinois defines "building" more broadly than generic burglary does, so the Court cannot apply the modified categorical approach. *See, e.g.*, *People v. Denton*, 728 N.E.2d 848, 850 (Ill. App. Ct. 2000). However persuasive that argument may be, it is foreclosed by the Eighth Circuit, which has held that Section 5/19-1(a) "include[s] all the generic elements of burglary defined in *Taylor*." *United States v. Maxwell*, 363 F.3d 815, 820–21 (8th Cir. 2004).

Because at least one set of Section 5/19-1(a)'s elements matches generic burglary—the "building" set—the Court can now modify the categorical approach to figure out whether

4

Cravens pled guilty to burglarizing a "building." This approach permits the federal court to consult certain documents to whose contents the defendant, in pleading guilty, "necessarily admitted." *Shepard v. United States*, 544 U.S. 13, 20–21 (2005). These include "the terms of the charging document." *Id.* at 25, 26. The Court may draw reasonable inferences from "the *Shepard*-qualifying materials in order to identify the discrete statutory subdivision at issue." *United States v. Ossana*, 679 F.3d 733, 736 (8th Cir. 2012).

The parties here give the Court one *Shepard* document: the information filed in Illinois state court. Because the parties agree that this information is a *Shepard*-approved document, the Court may look at it. *See also Cabrera v. Hinsley*, 324 F.3d 527, 533 (7th Cir. 2003) (classifying an information as "the charging document in Illinois").

The information establishes, by a preponderance of the evidence, that Cravens entered a "building" as opposed to a housetrailer, watercraft, aircraft, motor vehicle, or railroad car. First, the information explicitly says that Cravens unlawfully entered a "building." Because it cites a statute and uses legal terms of art, the information implies that its use of "building" should be given its precise legal meaning. *See United States v. Bell*, 445 F.3d 1086, 1090–91 (8th Cir. 2006) (holding that a defendant was convicted under the "building" set of elements in Missouri's second-degree burglary statute because his presentence investigation report recited that he had "enter[ed] a *building* at 2007 E. 19th Street" (emphasis added)).

Second, the information states that Cravens burglarized a structure owned by someone doing business as "M & M Laundry." The only reasonable inference to draw from "M & M Laundry" is that it is a business that washes and dries clothes, a space- and utility-intensive enterprise which requires a building to operate. The Court finds it highly improbable, especially without any countervailing evidence, that "M & M Laundry" operates out of a vehicle. *See*

*United States v. Foster*, 662 F.3d 291, 292, 295 (4th Cir. 2011) (holding that burglary indictments' references to "the Sunrise-Sunset Restaurant" and "the Corner Market" established by a preponderance of the evidence that the defendant had burglarized buildings for ACCA purposes).

Based on the information, the Court concludes that Cravens was, more likely than not, convicted of breaking into a building. *See Thornton*, 766 F.3d at 878. Therefore, his Illinois burglary conviction counts as an ACCA predicate. *See Descamps*, 133 S. Ct. at 2281. Adding in the two Missouri assault convictions that he does not contest, he has three ACCA predicates. He was not sentenced in excess of law. *See* 18 U.S.C. § 924(e)(1).

Because no reasonable jurist would grant any part of this motion, the Court denies Cravens a certificate of appealability. *See Tennard v. Dretke*, 542 U.S. 274, 276 (2004); 28 U.S.C. §§ 2255, 2253(c)(2).

## Conclusion

For the above reason, Cravens's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 1) is DENIED. A certificate of appealability is DENIED.

**IT IS SO ORDERED.**

Date:  June 2, 2016      /s/ Greg Kays
                                               GREG KAYS, CHIEF JUDGE
                                               UNITED STATES DISTRICT COURT